STOKELY VAN CAMP, INC. *v.* THE UNITED PACKINGHOUSE WORKERS OF AMERICA.

(*Knoxville*, September Term, 1954).

Opinion filed November 16, 1954.

Rehearing denied December 16, 1954.

ROY T. CAMPBELL, JR., of Newport, for appellant.

EDWARD F. HURD, of Newport, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal by the defendant United Packinghouse Workers of America from an order by the Chancery Court permanently enjoining the members of the Union from participating in a strike, and from doing the things incident to conducting a strike such as mass picketing, threatening and intimidating persons seeking to enter and leave the plant of the company for work and other legitimate business reasons, and to prohibit them from mass picketing at the gates of the Company's plant.

The basis of the Company's lawsuit was predicated upon a contract entered into with the union which became effective on July 29, 1953, and was to terminate on the 31st day of December, 1954. This contract provided, among other things, in Article VII, sub-section G, the following:

"During the process of settling any complaint or violating of any section of this Agreement as herein set forth, the Union and its members agree that there shall at no time be any strikes, tie-ups, slowdowns, walkouts, or any cessation of work on the part of the employees of any kind. Any individual employee, or group of employees, violating the provisions of this Section may be summarily discharged by the Employer. The Company agrees there shall be no lockouts."

The complainant Company contends that there was a strike in 1952, which lasted all summer, and that the Company was out of production, and that the Union was now (February, 1954) conducting an unauthorized strike in violation of the terms and conditions of its contract not to strike until certain arbitration procedures had been exhausted, and that unless the Union was enjoined from striking and denying people that wanted to work the right to work that said Company would suffer irreparable damage.

The defendant Union filed a sworn answer denying the statements of the bill stating that the acts complained of were brought on by Company officials and not by the Union.

The Company filed several affidavits which in substance set out there were some fights and that forty or fifty members were engaged in picketing, and congregating about the gates and entrances to the plant and threatening persons desiring to work in the plant with violence, and otherwise intimidating them.

The defendant filed a motion to dissolve the injunction, no counter affidavits or other proof being offered. Thereupon the Chancellor ordered the injunction made permanent.

We are of the opinion that the defendant Union and the members involved are in no position to be granted a dissolution of the injunction on account of the fact they have not complied with their contract.

In 2 A. L. R. (2d) at page 1280 it says:

"With but few exceptions, the courts have held that the right to strike or picket, though otherwise recognized, cannot be exercised during the life of a valid collective labor agreement which fails by its terms to preserve such rights, some of the courts

clearly stating that under these circumstances a strike or picketing is unlawful.''

''Thus, a provision in a collective labor agreement entered into between the plaintiff employer and the defendant union, that there should be no strike or abandonment of work by the defendant union or its members without first submitting any dispute to arbitration, and that the purpose of the agreement was to fix wages and conditions of employment so as to prevent strikes and lockouts by providing for arbitration of all disputes through a joint conference board, was held to be valid and hence the employer was held entitled to an injunction restraining the defendant union from calling a strike or directing any of its members to cease their employment, in *Preble* v. *Architectural Iron Workers' Union,* 1931, 260 Ill. App. 435.'' 2 A. L. R. (2d) at page 1290.

It results that we find no error in the decree of the Chancellor and it is affirmed.